Timothy M. WROBEL, Plaintiff–
Appellant,

v.

COUNTY OF ERIE, Douglas Naylon,
Individually and in his official capac-
ity as a County Employee, Daniel
Rider, Individually and in his official
capacity as a County Employee, De-
fendants–Appellees.

No. 06–1295–CV.

United States Court of Appeals,
Second Circuit.

Jan. 19, 2007.

Christen Archer Pierrot, Chiacchia &
Fleming, LLP, Hamburg, NY, for Appel-
lant.

George Zimmerman, First Assistant
County Attorney (Lawrence K. Rubin,
Erie County Attorney, on the brief, Kris-
ten Klein Wheaton, of counsel), Erie Coun-
ty Department of Law, Buffalo, NY, for

Defendants–Appellees County of Erie and Daniel Rider.

Robert Boreanaz (Linda R. Hassberg, of counsel), Lipsitz, Green, Scime & Cambria, LLP, for Defendant–Appellee Douglas Naylon.

Present GUIDO CALABRESI, JOSÉ A. CABRANES, Circuit Judges, EDWARD R. KORMAN, Chief District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part and **VACATED** in part.

Plaintiff Timothy M. Wrobel appeals a decision of the District Court dismissing his amended complaint and denying his motion for leave to amend the complaint a second time to add an additional cause of action. Wrobel's amended complaint, brought under 42 U.S.C. § 1983, set forth three causes of action alleging violations of his First Amendment rights; Wrobel's motion for leave to amend sought to add a fourth cause of action alleging violations of his due process rights. We assume the parties' familiarity with the facts, the issues on appeal and the procedural history.

We review *de novo* a district court's grant of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), accepting as true the factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor. *See Cassidy v. Chertoff*, 471 F.3d 67, 74 (2d Cir.2006). We review denial of a motion for leave to amend pursuant to Fed.R.Civ.P. 15(a) for abuse of discretion. *See Yerdon v. Henry*, 91 F.3d 370, 378 (2d Cir.1996). "Where it appears that granting leave to amend is unlikely to be productive, it is not an abuse of discretion to deny leave to amend." *Id.*

"To prevail on a First Amendment claim asserted under 42 U.S.C. § 1983, a plaintiff must prove by a preponderance of the evidence that (1) the expression at issue was constitutionally protected, (2) the alleged retaliatory action adversely affected his constitutionally protected expression, and (3) a causal relationship existed between the constitutionally protected expression and the retaliatory action." *Camacho v. Brandon*, 317 F.3d 153, 160 (2d Cir.2003).

■ The District Court dismissed Wrobel's first cause of action, alleging violations of his First Amendment freedom of association, based on its conclusion that Wrobel failed to allege constitutionally-protected associational conduct. This conclusion was erroneous. Government employees who are not policymakers have the right not to affiliate with or support a particular party or faction as a condition of employment. *See Rutan v. Republican Party of Illinois*, 497 U.S. 62, 69, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990) ("[C]onditioning public employment on the provision of support for the favored political party 'unquestionably inhibits protected belief and association.'" (quoting *Elrod v. Burns*, 427 U.S. 347, 359, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (plurality opinion))). When reasonable inferences are drawn in Wrobel's favor, the amended complaint sufficiently alleges that Wrobel was retaliated against for his lack of political affiliation with, or his refusal to pledge his allegiance to, the new Erie County administration.

Defendants assert that even if Wrobel adequately alleged retaliation for engaging

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

in protected associational activity, he failed to allege actionable adverse employment actions or a causal connection between the protected activity and the retaliatory actions. We disagree. In a recent case, *Zelnik v. Fashion Institute of Technology*, 464 F.3d 217 (2d Cir.2006), we explained that "actionable retaliation" in the First Amendment context "was that which 'well might have dissuaded a reasonable worker [from asserting First Amendment-protected rights].'" *Id.* at 227 (quoting *Burlington Northern and Santa Fe Ry. Co. v. White*, — U.S. ——, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006)). A factfinder might well conclude that defendants' monitoring of Wrobel's phone calls, transfer of Wrobel to a faraway location, initiation of a criminal investigation against Wrobel, and other adverse actions alleged in the amended complaint—if proven true— would be sufficient to dissuade a reasonable worker from asserting his First Amendment rights. Furthermore, Wrobel adequately alleges that the adverse actions were taken in retaliation for his protected associational activity.

■ The District Court's dismissal of Wrobel's second cause of action, alleging violation of his First Amendment free speech rights, also was in error. While we agree with the District Court that Wrobel's pre-transfer speech was not on a matter of public concern, and was therefore not constitutionally protected, *see, e.g., Saulpaugh v. Monroe Community Hosp.*, 4 F.3d 134, 143 (2d Cir.1993) (plaintiff's speech not constitutionally protected where it was "motivated by and dealt with her individual employment situation"), we do not agree with its conclusion that Wrobel had not sufficiently alleged actionable retaliation following his expression of protected speech. Wrobel asserts that defen-

dant Douglas Naylon implicated him as the perpetrator of a theft of government property shortly after Wrobel discussed the corruption and politicization of his place of employment with an FBI agent. Wrobel further alleges that Naylon and defendant Daniel Rider bribed others to testify against him at an arbitration hearing shortly after he engaged in protected speech. These adverse actions are sufficient to support a First Amendment retaliation claim under the standard articulated above, and the amended pleading "sets forth the necessary nexus between [Wrobel's] statements concerning a matter of public concern and the defendant[s'] subsequent alleged retaliatory acts." *Bernheim v. Litt,* 79 F.3d 318, 325 (2d Cir.1996).

We affirm the dismissal of Wrobel's third cause of action substantially for the reasons set forth in the decision of the District Court. We also conclude that the District Court did not abuse its discretion in denying Wrobel's motion for leave to amend.

We have considered the parties' remaining arguments on appeal and find them to be without merit. Accordingly, we affirm the judgment of the District Court in part and vacate it in part. We remand for further proceedings consistent with this order.